Dear Mr. Groby:
You advise this office that you currently hold full-time and classified employment with the St. Bernard Parish Government as Superintendent of Quality Control for the Water and Sewer Division. You ask this office to advise whether you may campaign for, and if elected, hold elective office as a member of the St. Tammany Parish Council while at the same time retaining your position of employment with St. Bernard Parish.
We first review the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., for possible applicability. Therein, while La.R.S. 42:63(D)[1] prohibits one from holding employment in the same political subdivision in which he holds elective office, the statute does not prohibit one from holding employment in a political subdivision separate from the political subdivision in which he holds elective office.[2] Thus, La.R.S. 42:63(D) would not prohibit you from holding elective office as a member of the St. Tammany Parish Council and while at the same time retaining your position of employment in the separate political subdivision of St. Bernard Parish.
However, you hold a position of classified employment with St. Bernard Parish Government. Those persons holding classified positions of employment are *Page 2 
subject to the prohibition against political activities contained in Chapter 17, Article IV, Division 15, Section 17-210(a)(1) of the St. Bernard Parish Code of Ordinances, which provides that "no employee in the classified service shall be a candidate for nomination or election to public office."[3] Accordingly, it is the opinion of this office that you are prohibited from campaigning for the elective office of St. Tammany Parish Council member while you hold your position of classified employment with St. Bernard Parish.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:63(D) states, in pertinent part, that "no person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . ."
[2] La.R.S. 42:62(9) defines political subdivision as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions."
[3] Sec. 17-210 is entitled "prohibited activities" and provides:
 (a) No member of the personnel system board and no employee in the classified service shall:
 (1) Be a candidate for nomination or election to public office.
 (2) Be a member of any national, state or local committee of a political party or faction.
 (3) Make or solicit contributions for any political party, faction or candidate.
 (4) Take active part in the management of the affairs of a political party, faction, candidate or any political campaign.
 (5) Directly or indirectly pay, or promise to pay any assessment, subscription, or contribution for any political organization or purpose, or solicit or take any part in soliciting any such assessment, subscription or contribution.
 (b) No person shall:
 (1) Solicit any such assessment, subscription or contribution of any employee in the classified service.
 (2) Be appointed or promoted to, or demoted or dismissed from, any position in the classified service, or in any way favored or discriminated against with respect to employment in the classified service because of his political or religious opinions or affiliations.
 (3) Seek or attempt to use any political endorsement in connection with any appointment to a position in the classified service.
 (4) Use or promise to use, directly or indirectly, any official authority or influence, whether possessed or anticipated, to secure or attempt to secure for any person an appointment or advantage in appointment to a position in the classified service, or an increase in pay or other advantage in employment in any such position, for the purpose of influencing the vote or political action of any person, or for any consideration.
 (c) No person elected to public office shall, during the term for which he was elected, be appointed to any position in the classified service.
 (d) No person shall use, imply or attempt to use his position, whether elective or appointive, in the federal, state or parish services to punish, coerce, intimidate or otherwise influence the conduct of classified employees for political purposes.